### No. 3201.—A. BARTELL *v.* J. G. LALLANDE.

The obligations between employer and laborer on a plantation are reciprocal. If the employer discharge the laborer before the time of his engagement has expired, without any just cause, he at once incurs the liability of paying the laborer for the whole time of his engagement. On the contrary, if the laborer leaves his employer before the time of his engagement has expired, without any just cause, he thereby forfeits all the wages that may be due him, and contracts the obligation to return all moneys that he may have received from his employer on account of such employment. Therefore, if the evidence shows that the laborer left his employer without any just cause before the time of his engagement had expired, he can not recover from the employer any wages for the time he has served.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborne, J.* *C. F. Dranguet,* for plaintiff and appellee. *Pierson & Levy,* for defendant and appellant.

This case was tried by a jury in the court below.

HOWELL, J. Plaintiff claims $550 as the value of his share of the crop of 1869 and $300 damages, on the allegation that he was dis-

charged without cause by defendant, the proprietor and employer. The defense is that plaintiff abandoned the crop without the consent and against the remonstrances of defendant, by which he put an end to the contract and forfeited his rights to any interest or part therein, which defendant informed him would be the result of his so leaving, and that defendant was thereby damaged to the amount of $300. Plaintiff obtained a verdict and judgment for $436 17, and defendant appealed.

It is shown that in May, 1869, when seven laborers previously employed by defendant left, the plaintiff undertook, with one other, to cultivate, gather and save the crop for one-third in kind (one-sixth to plaintiff), when the corn was gathered and the cotton baled for market, the defendant to furnish supplies, etc.; that in August plaintiff left, as he professed, for a week to visit his children, when the crop needed his attention and labor, and notwithstanding the objections and remonstrances of defendant, and being told expressly if he left he would lose his rights to the crops; that at the expiration of about sixteen days, and after defendant had hired other laborers, plaintiff returned and offered to resume work and complete his contract, to which defendant objected, and upon the former's persisting in working on the place, the latter had him taken before a justice of the peace, who ordered that he should leave the place.

Under these circumstances there was no just cause for the plaintiff's leaving, and he certainly put an end to the agreement, and it rested with the defendant whether he would renew it or not.

Art. 2750 [2721] C. C. provides, if "a laborer, after having hired out his services, should leave his employer before the time of his engagement has expired, without any just cause of complaint against the employer, the laborer shall thereby forfeit all the wages that may be due to him, and shall moreover be compelled to repay all the money he has received, either as due for his wages or in advance thereof on the running year, or on the time of his engagement." The two preceding articles make the obligations and rights of laborers on plantations and in manufactures and their employers reciprocal. The law recognizes no difference between them. Laborers are as fully and stringently bound by the terms and obligations of their contracts as their employers are, and when they violate them they must bear the legal consequences. The great importance of the agricultural interests of this country demand that these rules of law and justice, as well as others, be maintained in all their vigor and integrity.

The defendant is entitled to no damages in this case.

It is therefore ordered that the judgment of the lower court and verdict of the jury be set aside and annulled, and that there be judgment in favor of defendant, with costs in both courts.